PAULDING, ET AL. vs. GRIMSLEY, TRUSTEE, &c.

A pre-emption right, under the act of Congress of June, 1840, can not be transferred.

### APPEAL from Shannon Circuit Court.

STRINGFELLOW, NABB & MINOR, *for Appellants.*

To reverse the judgment below, it is contended:—

1st. That the bill is multifarious in making G. Paulding a party—he has no has no interest in the proceeding. Berry vs. Robinson, 9 Mo. R. 276.

2d. Grimsley is no party to the ejectment suit, and could not enjoin it. Moses vs. Lewis, 4 Con. Eng. Ch. 236.

3d. The only right, if any, of Paulding to the land, was a pre-emption which could not be sold. Pre-emption Law 1838-'40.

4th. The deed did not profess to convey any such land—or any interest therein.

5th. If the land were entered by Paulding's money, it was not with the trust funds, and Grimsley could not claim any benefit.

6th. The bill admits the money to have been Philips' by tendering the same with interest.

7th. The decree is, "that all the defendant's convey," when Geo. Paulding had no sort of interest in the land, legal or equitable.

HICKMAN, LEONARD & BAY, *for Appellee.*

1st. The evidence is not preserved in the bill of exceptions, and the Court cannot therefore determine whether or not the decree was warranted by the evidence.

2d. The act of Philips, in entering the land, was a fraud upon the rights of the creditors of Paulding.

3d. The third section of the statute, concerning conveyances, passed all the title of Paulding on the entry of the land by Philips, to the use of Paulding, and it was necessary to file a bill in equity to obtain the conveyance of the naked legal title fraudulently vested in Philips.

NAPTON, J., *delivered the opinion of the Court.*

This was a bill in chancery brought by Thornton Grimsley against Jno. M. Paulding, George Paulding, and Henry Philips. The bill represented that John W. Paulding executed to the complainant a deed conveying to him, as trustee, for the benefit of his creditors, (of whom said complainant was one,) all his lands, tenements, and hereditaments, and interest in the same wheresoever situated, and all his goods, chattels, property, merchandise, &c. Annexed to the deed was a schedule purporting to contain a list of the property designed to be conveyed, both real and personal. At the time this deed was executed, the bill proceeds to state the said Paulding had made valuable improvements upon the southwest quarter of section No. 36, T. 30, R. 5 west, in the Jackson land district, so that by the laws of the United States, he (said Paulding) was entitled to a pre-emption thereon. The bill asserts that these improvements, and this pre-emption right of Paulding, passed, by the deed of trust, to said complainant, although it was not specifically mentioned in the schedule. The bill further states that shortly after the execution of this deed, the complainant took possession of the improvement heretofore mentioned, by his agent, and with the consent of said Paulding, and had already expended money arising from the trust fund, in enlarging said improvement. The bill then charges that Paulding, with a view to cheat and

defraud his creditors, and to prevent them from deriving the full benefit of the deed of trust, procured one Henry Philips, (who is therefore made a defendant,) to enter said quarter section at the land office, with the secret understanding that the legal title, so acquired, should enure to the benefit of the said Paulding; that the money paid into the land office was in fact the money of said Paulding, and not of Philips; that said Paulding had previously attempted to procure two other persons, whose names are given, to enter said land for him, but had failed; that he finally furnished his son George Paulding, (also made a defendant,) with money to enter the land, and that it was so entered by said George, in the name of said Philips, in pursuance of a fraudulent understanding between these persons.

The bill alleges that Philips has commenced an action of ejectment against complainant's tenant, on the legal title of said Philips, and prays an injunction against said proceedings at law; it also prays that Philips may be compelled to convey, and tenders to said Philips the purchase money.

To this bill a demurrer was filed, but the same being overruled, the defendants put in their answers. Philips in his answer, admits the entry of the quarter section described in the bill, but asserts that he entered it with his own money, and for his own sole use, and denies all fraud and combination whatsoever. The answer of John W. Paulding admits the execution of the deed to Grimsley, but denies that the quarter section entered by Philips was conveyed, or attempted to be conveyed by that instrument, and relies for this conclusion upon its omission from the schedule. He states that as he neither resided on the land, or had any personal possession of it, and as his pecuniary embarrassments forbade his entering it, he regarded it as public land. He disavows all interest in the land, denies all fraud and confederacy with Philips, admits that he at one time desired to enter it, and probably applied to others to enter it for him, admits that he advised Philips of the vacancy, and preferred that Philips should get it to Grimsley, who, he asserts, was anxious to enter the land for his own benefit, and not as trustee, &c.

George Paulding, in his answer, admits that he entered the land in controversy for Philips, and with Philips' money, but denies all combination, fraud, &c.

These answers were excepted to, and the defendants being ordered to answer more fully, filed their amended answers. There is nothing, however, in the amended answers which materially varies the state of the case. Upon the hearing, the Court decreed that the injunction be made

perpetual, and that the defendants surrender all right and title to the quarter section described in the bill, and that complainant pay to **Henry Philips** the sum of two hundred dollars, with interest, &c.

The defendants moved for a *new trial*, for reasons specified, but the motion was overruled, and the defendants excepted and appealed to this Court.

It does not appear from the record in this case, whether the complainant introduced evidence to sustain the allegation of the bill, or whether the case was heard and disposed of upon the bill and answers. As there is no bill of exceptions preserving the evidence, if any were offered, or negativing the introduction of testimony at the hearing, it is impossible for the Court to look into the decree upon its merits. The only point examinable here is the one presented by the demurrer to the bill.

The bill represents that the complainant, as trustee for the creditors of John W. Paulding, became the purchaser of said Paulding's interest in a quarter section of land, and was put into possession of the same. The interest thus purchased is represented to be a pre-emption right, under the act of 1st June, 1840. The bill then charges that said Paulding, combining with his son George, and one Henry Philips, did, in fraud of the rights of his creditors, and to defeat the title conveyed by the deed of trust, cause the land to be entered by his son George, in the name of the said Philips. The complainant desired this legal title to be transferred to him, and a perpetual injunction against the ejectment suit commenced by Philips, and proffers to pay to Philips the purchase money advanced to the government. The decree of the Court was in accordance with this prayer of the bill.

There is an inconsistency, it strikes us, between the charges of the bill, and the tender of the purchase money to Philips. The ground work of the charge of fraud, consists entirely of the alleged fact that the purchase money for this land was advanced, not by Philips, but by John W. Paulding, and that the land was entered by Philips with Paulding's money, and for Paulding's secret use. Why, then, offer to return the money to Philips? Upon what principle would the Court order a return of this money to Philips, if it in fact belonged to Paulding's creditors? If, on the other hand, the money was the money of Philips, and the land was entered by Philips for his own use, then a Court of equity is called on to vacate the title of Philips, because of the fraud of Paulding.

But there are other objections to this bill apart from the difficulty just suggested. The interest which Paulding is represented to have had in this land, is a pre-emption right under the act of 1st June, 1840. What-

ever may be the character of this interest in other respects, it is not transferable, for so the act of congress expressly declares; neither is it subject to execution, (Hatfield vs. Wallace, 7 Mo. R. 114,) or within the statute of frauds which requires conveyances of land to be in writing. Clark vs. Shultz, 4 M. R. 235. An improvement upon public land may, however, be the subject of contract. The transfer of the possession itself, constitutes a valuable consideration. But the bill of complainant assumes that the improvement and pre-emption right passed by the deed of trust. If it passed, it must have been under the general terms, "all the lands, tenements and hereditaments, and interest in the same," of the said John W. Paulding. But here was no interest in the land whatsoever, so far as the mere improvement is concerned, apart from the pre-emption right, (which is not transferable,) and accordingly we find the quarter section, upon which this improvement existed, is not enumerated in the schedule accompanying the deed. If the improvement passed to Grimsley by the mere transfer of possession, Grimsley has gotten all he contracted for—and if Paulding afterwards entered the land it is clearly liable to his debts, but there is no reason why the complainant should be entitled to the benefit of this property more than any other creditor of Paulding. The deed of trust, which was executed to Grimsley, was one which gave preferences to certain creditors, and among others to Grimsley, but if the land in question was not transferred by this deed, Grimsley has no special lien upon it, and must take the same course to subject it to the payment of Paulding's debts, which any other creditor, not preferred by the deed, must have done. The fraud, if any existed, such as is charged in this bill, may be detected and exposed, either in law or equity, and the land be levied on and sold to pay Paulding's debts.

This is the aspect of the case presented by the bill, from which it will be perceived that the entry of the land by Philips, with Paulding's money, and for Paulding's secret use, constitutes apparently the main ground of appeal to the interference of the Court of equity. Yet the proposition to return the purchase money to Philips, with which the bill concludes, seems to be founded on the hope that if the fact turned out to be that the purchase money for this land was *bona fide* the money of Philips, and had not been advanced by Paulding, there would still be sufficient ground to authorize the interference of the Court. It is true that the bill is not in terms framed with this double aspect, but it must have been so construed by the chancellor in decreeing a return of the purchase money to Philips, and a conveyance of the land to Grimsley. This decree must assume, then, that the equitable title to this land was already in Grimsley,

the complainant, but, as we have already stated, this was not so. Indeed, if the complainant, Grimsley, had himself acquired a right of pre-emption, either by his own possession and cultivation, or by the transfer from Paulding, he has not taken the proper steps to make it available against Philips' entry. In any view which we can take of this bill it was rightly demurred to, and the demurrer should have been sustained. The decree will, therefore, be reversed, and this Court doth order and adjudge that the bill be dismissed.